# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD H. SMITH, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:13-cv-01239-JCH |
| JENNIFER SACHSE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Edward Smith's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Petition, ECF No. 1.) Respondent has filed a Response (ECF No. 7), and the Petition is now ready for disposition.

In January 2009, Petitioner pled guilty to one count of stealing property valued at over $500. The Circuit Court of St. Louis City, Missouri determined that Petitioner was a prior and persistent offender, and sentenced him to seven years in prison. In June 2009, Petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, and he was appointed counsel. His counsel thereafter filed an amended motion, which was denied without an evidentiary hearing. The Missouri Court of Appeals reversed and remanded for an evidentiary hearing. Following a December 2011 evidentiary hearing, the motion court denied Petitioner's request for post-conviction relief, and the appeals court affirmed. (Petition at 1-14; Pet. Exs., ECF No. 1.2 at 21-34, 43-46; Resp. Exs. A-D, ECF No. 7.1.)

Petitioner was incarcerated for the instant offense at the Missouri Eastern Correctional Center.[1] In his Petition, he raises the following four grounds for relief:

(1) that he received ineffective assistance of counsel, in that plea counsel incorrectly advised him of the length of time he would serve in prison before he would be released on parole;

(2) that he received ineffective assistance of counsel, in that plea counsel failed to investigate witnesses;

(3) that he received ineffective assistance of counsel, in that plea counsel failed to file a motion to suppress a line-up; and

(4) that the prosecutor engaged in misconduct by suppressing and failing to disclose the line-up photograph.

(Petition at 5-11.) Petitioner presented only Grounds 1 through 3 to the state courts. *Id.*

## DISCUSSION

**I.     Procedural Default**

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules." *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quotation and citations omitted). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." *Id.* (quotations and citations omitted). "A section 2254 applicant's failure to raise a claim in state post-conviction proceedings results in procedural default on that claim." *Lyon v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005) (citation omitted).

---

[1] Petitioner was released on parole for the instant offense in October 2015 (ECF No. 9), and his sentence, presumably, has since expired. However, because he filed his Petition while he was in the custody of the State of Missouri, and because he challenges his prior conviction, this Court has jurisdiction to entertain his Petition. *See United States v. Kemna*, 523 U.S. 1, 8-14 (1998) (discussing presumption of collateral consequences that is applied to criminal convictions); *Beets v. Iowa Dep't of Corr. Servs.*, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999). Of note, Petitioner is now serving a six-year sentence for a separate burglary conviction, and he is currently incarcerated at the Booneville Correctional Center. *See* Missouri Department of Corrections Offender Search, https://web.mo.gov/doc/offSearchWeb/search.jsp (last visited Feb. 8, 2016).

To avoid defaulting on a claim, a petitioner must have "fairly presented the substance of the claim to the state courts…thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim" *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotations and citations omitted). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (quotations and citations omitted).

"When a habeas petitioner defaults his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of his claims is barred unless he 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)). To establish "cause" for the default, a petitioner generally must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Arnold*, 675 F.3d at 1087 (cause must be something external and not fairly attributable to petitioner). To establish actual prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In Ground 4 of his Petition Petitioner asserts, "Prosector's [sic] withheld (suppressed) the line-up photographs, that would have proven the white male in my line-up." (Petition at 10.) Upon review of the record, the Court finds that Petitioner failed to exhaust this claim in the state

3

courts, as he did not raise it in his amended Rule 24.035 motion. Therefore, he is procedurally barred from pursuing it here. The Court also finds that Petitioner has not shown cause for his failure to raise the claim. Although Petitioner indicates in his Petition that his post-conviction attorney failed to raise the claim (Petition at 11), it is "well established" that generally ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default. *Wooten v. Norris*, 578 F.3d 767, 778 (8th Cir. 2009) (citations omitted); *see also Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) (under only very limited and extraordinary circumstances can conduct of post-conviction counsel constitute "cause" for procedural default—namely, where counsel abandons petitioner; counsel's negligence does not qualify as cause).[2] Furthermore, because Petitioner has not claimed or come forth with new evidence showing his actual innocence, he cannot demonstrate that the Court's failure to consider his prosecutorial misconduct claim would result in a fundamental miscarriage of justice. *See Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005). Therefore, this Court cannot reach the merits of the claim set forth in Ground 4.[3]

---

[2] The Court notes that, even if the claim were properly before the Court, the record refutes Petitioner's assertion that his due process rights were violated by the prosecutor's alleged suppression of the line-up photograph. Specifically, the record includes a copy of the December 2011 evidentiary hearing, during which plea counsel testified that he had prepared a motion to suppress the line-up, and that he had discussed the line-up and "strategies on how to attack it" with Petitioner. (ECF No. 1.2 at 7.)

[3] In a supplemental filing, Petitioner appears to assert for the first time that he is entitled to habeas relief on the basis of an insufficient charging document, because he did not have a formal arraignment, and because he never signed an arraignment waiver form. He further argues that his post-conviction counsel was ineffective in failing to raise these claims. (ECF No. 8.) Even if Petitioner had properly raised these claims in his original Petition, these claims have been procedurally defaulted and, as discussed above, Petitioner cannot show cause to excuse their default. *See Wooten*, 578 F.3d at 778.

## II.  Grounds 1 through 3:  Ineffective Assistance of Counsel

"In the habeas setting, a federal court is bound by the [Anti-Terrorism and Effective Death Penalty Act of 1996 ('AEDPA')] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under the AEDPA, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted). If the state court's decision is not "contrary to" clearly established law, the remaining question is whether the state court's determination was "unreasonable." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012). This standard is "difficult to meet, and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (quotation and citation omitted). "[A] state court's decision involves an unreasonable application of Supreme Court precedent when the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case, or either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it

should apply." *Moore v. Purkett*, 275 F.3d 685, 688 (8th Cir. 2001) (quotations and citation omitted). "Federal habeas relief is warranted only when the refusal was objectively unreasonable, not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quotation and citation omitted).

A state court's decision involves "an unreasonable determination of the facts in light of the evidence presented in the state court proceedings…only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (quotation and citation omitted). "[A] determination of a factual issue made by a State court shall be presumed to be correct," unless the petitioner rebuts the determination with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding an ineffective assistance of counsel claim," *Odem v. Hopkins*, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. *See Smulls*, 535 F.3d at 864-65.

To establish a claim of ineffective assistance of counsel, a petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, under the "performance" component, the petitioner must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Id.* at 687. Judicial scrutiny of counsel's performance is "highly deferential," and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, under the "prejudice" component, the movant must demonstrate

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," as "not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693.

### A. Ground 1

In Ground 1 of his Petition Petitioner claims that he received ineffective assistance of counsel, in that plea counsel falsely told him that he would only have to serve 37 percent of a seven-year sentence if he pled guilty. Petitioner raised this claim in his amended Rule 24.035 motion.

Following the post-conviction evidentiary hearing—at which Petitioner, Petitioner's sister, and plea counsel testified—the motion court made the following findings of fact:

> The record reflects that movant understood the charge, was aware of the range of punishment and understood that the State was recommending twelve years. [Plea counsel] asked the Court to consider a sentence of seven years, and he said that would keep [Petitioner] locked up for a couple more years at least before [Petitioner is] paroled…
>
> Movant understood the rights he was giving up by his guilty plea…
>
> Movant testified that no promises had been made to induce his plea…
>
> Movant admitted the facts constituting the offense…
>
> Movant testified at the evidentiary hearing that [plea counsel] told him he would have to serve 37% of his sentence and he would have only 23 more months to serve taking into account jail time credit. He said he found when he got to the Department of Corrections that he would have to serve 80% because of the number of prior convictions and commitments he had…
>
> [Plea counsel] said he told movant he might have to serve only 37% based on the information given to him by movant regarding the number of times movant said he had been to the Department of Corrections, but movant had not told him he had been committed as many as four times. He further said he always told his clients

7

> that no promises were being made, that the minimum term could be more or less and there were no guarantees regarding what the Department of Corrections would do. [Plea counsel] said [Petitioner] told him he had only been to prison a couple of times and had only stayed a few months, and he said he relies on clients to provide accurate information.

(Resp. Ex. C, ECF No. 7.1 at 7-9) (quotation omitted). The motion court denied Petitioner's claim, based upon the following conclusions of law:

> After a plea of guilty the effectiveness of counsel is only cognizable and relevant as it affects the voluntariness of the plea. Coke v. State, 229 S.W.3d 638, 641 (Mo.App.W.D. 2007); Salinas v. State, 96 S.W.3d 864, 865 (Mo.App.S.D. 2002). The movant must show that but for his counsel's errors he would not have pled guilty and would have insisted on going to trial. Zarhouni v. State, 313 S.W.3d 713, 716 (Mo.App.W.D. 2010); Coke, supra. A mere prediction or advice of counsel does not constitute coercion. See Meeks v. State, 876 S.W.2d 755 (Mo.App.E.D. 1994).
>
> Here, the movant testified under oath at the plea proceeding that no promises had been made to induce his pleas and movant's plea counsel's testimony at the evidentiary hearing was reasonable and credible. Movant suggests the statement by plea counsel during the plea proceeding that he would have to serve at least two more years somehow supports his claim, but such statement does not constitute a firm statement that he would only have to serve 23 more months. The Court finds that movant was not at all credible and that this claim is without merit.

*Id.* at 10.

Petitioner advanced this claim on appeal, and the Missouri Court of Appeals affirmed the motion court's findings as follows:

> The motion court is not required to believe the testimony of the movant or any other witness at an evidentiary hearing, even if uncontradicted, and an appellate court must defer to the motion court's determination of credibility…Here, the motion court believed plea counsel and did not believe movant. We defer as we must to the motion court's credibility findings.
>
> The motion court did not clearly err in denying movant's claim that counsel was ineffective in promising that he would serve only thirty-seven percent of his sentence. Point one is denied.

(Resp. Ex. D, ECF No. 7.1 at 17-18) (citation omitted).

8

Upon review of the record, the Court finds that the state courts' holdings with regard to this claim were neither contrary to, nor unreasonable applications of, clearly established federal law, and that they were not based upon unreasonable determinations of fact. Therefore, Ground 1 is denied.

**B.     Ground 2**

In Ground 2 of his Petition Petitioner claims that he received ineffective assistance of counsel, in that his plea counsel failed to investigate witnesses. Petitioner raised this claim in his amended Rule 24.035 motion; specifically, Petitioner asserted that plea counsel failed to locate his sister and call her as a witness.[4]

Following the post-conviction evidentiary hearing, the motion court made the following findings of fact, in addition to the aforementioned in Ground 1:

> Movant said his attorney had done what he wanted him to do. When asked if he had any witnesses he wanted his attorney to contact, movant said he did but he could not locate them and he had no contact information to provide to his attorney…
>
> Movant further testified that he had discussed witnesses with [plea counsel], including his sister…
>
> [Plea counsel] testified his notes indicated movant had no witnesses, and there was no mention in his notes of…movant's sister.

(Resp. Ex. C, ECF No. 7.1 at 8-9). The motion court denied Petitioner's claim, based upon the following conclusions of law:

> A plea of guilty generally waives complaints about counsel's failure to investigate. Hill v. State, 301 S.W.3d 78, 82 (Mo.App.S.D. 2010); Townsend v. State, 854 S.W.2d 496 (Mo.App. 1993). Cf. Eichelberger v. State, 71 S.W.3d 197 (Mo.App.W.D. 2002); Royston v. State, 948 S.W.2d 454 (Mo.App.W.D. 1997); see also, Morrison v. State, 65 S.W.3d 561 (Mo.App.W.D. 2002), distinguishing

---

[4] In his Petition, Petitioner does not specifically identify any witnesses he believes counsel failed to investigate. To the extent Petitioner claims that plea counsel was ineffective for failing to investigate witnesses other than Petitioner's sister, such claims have been procedurally defaulted.

> Royston. Failure to interview witnesses is rarely sufficient to support a claim of ineffective assistance. Boyd v. State, 205 S.W.3d 334, 339 (Mo.App.S.D. 2006).
>
> [Plea counsel] testified that his records did not indicate that movant ever told him about any witnesses and [the sister's] name was nowhere in his notes. In addition, movant testified at the guilty plea proceeding that he could not locate his witnesses and he had no contact information for them…

*Id.* at 11.

Petitioner advanced this claim on appeal, and the Missouri Court of Appeals affirmed the motion court's findings as follows:

> Here, movant failed to show that [plea] counsel knew or should have known of the existence of [his sister] or that her testimony would have provided a viable defense. Counsel testified that movant had not given him the names of any witnesses, including [his sister's]…
>
> The motion court did not clearly err in denying movant's claim that counsel was ineffective for failing to locate and call movant's sister as a witness. Point two is denied.

(Resp. Ex. D, ECF No. 7.1 at 20.)

Upon review of the record, the Court finds that the state courts' holdings with regard to this claim were neither contrary to, nor unreasonable applications of, clearly established federal law, and that they were not based upon unreasonable determinations of fact. Therefore, Ground 2 is denied.

### C. Ground 3

In Ground 3 of his Petition Petitioner claims that he received ineffective assistance of counsel, in that plea counsel failed to file a motion to suppress the line-up. Petitioner raised this claim in his amended Rule 24.035 motion.

Following the post-conviction evidentiary hearing, the motion court made the following finding of fact, in addition to the aforementioned findings in Grounds 1 and 2:

10

> [Plea counsel] said he had prepared a motion to suppress the identification but he did not file it because movant decided to plead guilty.

(Resp. Ex. C, ECF No. 7.1 at 9.) The motion court denied Petitioner's claim based upon the following conclusions of law:

> Generally, a guilty plea constitutes a waiver of the claim that movant's attorney failed to have evidence or statements suppressed. Maberry v. State, 137 S.W.3d 543, 547 (Mo.App.S.D. 2004). In the context of a guilty plea, the voluntariness of the plea is the only issue and not whether the motion would have been meritorious. May v. State, 309 S.W.3d 303 (Mo.App.E.D. 2010), relying on Ramsey v. State, 182 S.W.3d 655, 658 (Mo.App.E.D. 2005).
>
> This claim is without merit because the claim was waived by the plea, [and plea counsel] had a reasonable explanation for not filing the motion to suppress…

*Id.* at 11-12.

Petitioner advanced this claim on appeal, and the Missouri Court of Appeals affirmed the motion court's findings as follows:

> The decision to file a motion to suppress is a matter of trial strategy, and allegations of ineffective assistance of counsel relating to matters of trial strategy do not provide a basis for post-conviction relief. Maberry v. State, 137 S.W.3d 543, 547-48 (Mo.App. 2004); Buckner v. State, 35 S.W.3d 417, 421 (Mo.App. 2000). When trial counsel has testified to his or her trial strategy and the motion court finds counsel credible and counsel's strategy reasonable, a movant cannot show counsel's performance was deficient. Waserman v. State, 100 S.W.3d 854, 858-60 (Mo.App. 2003). "Moreover, it is well-settled that a 'claim that counsel was ineffective for failing to file and pursue a motion to suppress is *waived* by the *voluntary* entry of a guilty plea.'" May v. State, 309 S.W.3d 303, 306 (Mo.App. 2010) (quoting Ramsey v. State, 182 S.W.3d 655, 657 (Mo.App. 2005)) (emphasis in original). In a Rule 24.035 motion, counsel's performance is relevant only to the extent it affects the voluntariness of a movant's plea. Braxton v. State, 271 S.W.3d 600, 602 (Mo.App. 2007). The motion court did not clearly err in denying movant's claim that counsel was ineffective for failing to file a motion to suppress. Point three is denied.

(Resp. Ex. D, ECF No. 7.1 at 22.)

Upon review of the record, the Court finds that the state courts' holdings with regard to this claim were neither contrary to, nor unreasonable applications of, clearly established federal

law, and that they were not based upon unreasonable determinations of fact. Therefore, Ground 3 is denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Edward Smith's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this   9th   Day of February, 2016.

/s/____Jean C. Hamilton_____
UNITED STATES DISTRICT JUDGE